UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE PROCTOR & GAMBLE COMPANY, : | | Case No. 1:12-cv-552 |
| Plaintiff, : | | Judge Timothy S. Black |
| vs. : | | |
| TEAM TECHNOLOGIES, INC., *et al.*, : | | |
| Defendant. : | | |

**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS, STAY
OR TRANSFER TO THE DISTRICT OF NEW JERSEY (Docs. 13, 17)**

This civil action is before the Court on Defendant Team Technologies, Inc.'s Motion to Stay or Transfer to the District of New Jersey for Proper Venue Under 28 U.S.C. § 1404(a) (Doc. 13), Defendant CLIO USA, Inc.'s Motion to Dismiss or Transfer to the District of New Jersey (Doc. 17), and the parties' responsive memoranda (Docs. 16, 19, 23, and 26).

    **I.    BACKGROUND FACTS <u>AS ALLEGED BY PLAINTIFF</u>**

Plaintiff Proctor & Gamble Company is the holder of the United States Patent Nos. 5,891,453; 5,894,017; and 7,122,199, which concern home tooth whitening products. (Doc. 16 at 2). Plaintiff is located in Cincinnati, Ohio. (*Id.* at 15). Earlier this year, Plaintiff learned of the existence of a tooth whitening product that potentially infringes the patents at issue. The product packaging indicates the products are "distributed by" Rite Aid and CVS/Pharmacy drug stores. (*Id.* at 2). Through further investigation, Plaintiff learned that the source of these products is Defendant Team Techologies, Inc.

("Team Tech"), a company located in Morristown, Tennessee. (*Id.* at 3).

Upon contacting Team Tech about the allegedly infringing products, Plaintiff was told that Team Tech was aware of Plaintiff's patents and had previously reviewed legal opinions with respect to the question of potential patent infringement provided by a third party who "supplied" the allegedly infringing products to Team Tech. (*Id.*) When Plaintiff asked for the identity of the supplier, Team Tech refused to provide this information and ceased communications with Plaintiff. (*Id.*)

On July 20, 2012, Plaintiff brought this suit against Team Tech for patent infringement. (Doc. 1). This Court is currently also presiding over another suit brought by Plaintiff against Defendant Be Well Marketing, Case No. 1:12-cv-264, which concerns two of the three patents at issue in the case at hand.

On or about August 6, 2012, Plaintiff's counsel was contacted by Joseph Zito, counsel for Team Tech. (Doc. 16 at 4). Plaintiff's counsel and Mr. Zito were in contact multiple times over the next month regarding case scheduling matters. (*Id.*) Team Tech filed its Answer on September 4, 2012.

On September 12, 2012, Defendant CLIO USA, Inc. ("CLIO"), a New Jersey company, filed a declaratory judgment complaint against Plaintiff in the United States District Court for the District of New Jersey, in which it identified itself as the manufacturer of the products in question. (*Id.*) Mr. Zito appeared as counsel of record for CLIO in the New Jersey case. (*Id.*)

On September 14, 2012, having now learned of the existence of CLIO, Plaintiff amended its Complaint to add CLIO as a defendant in this case. (*Id.* at 5). CLIO was served with the Amended Complaint at or about 2:15 p.m. on the same day. (*Id.*) Team Tech filed its Motion to Stay or Transfer to the District of New Jersey for Proper Venue Under 28 U.S.C. § 1404(a) three hours later, at 5:21 p.m. (Doc. 13; Doc. 16 at 5, n. 2).

On October 5, 2012, Defendant CLIO filed its Motion to Dismiss or Transfer to the District of New Jersey. (Doc. 17). In its motion, CLIO admits that it manufactures the accused products for Team Tech. (Doc. 17 at 4; Doc 23 at 4). According to Team Tech, CLIO manufactures every part of the products, including the packaging. (Doc. 13 at 7; Doc. 23 at 4). The packaging is marked with the Rite Aid and CVS brands and states that the products are being sold through the Rite Aid and CVS retail networks. (Doc. 23 at 4).

## II.   STANDARD OF REVIEW

### A.   First-to-File Rule

The first-to-file rule embodies the principle that "[i]n all cases of concurrent jurisdiction, the Court which first has possession of the subject must decide it." *Smith v. McIver*, 22 U.S. 532, 535 (1824). The rule is a "well established doctrine that encourages comity among federal courts of equal rank." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007).

Under the first-to-file rule, when actions involving nearly the same parties and issues are filed in two separate district courts, "the court in which the first suit was filed should generally proceed to judgment." *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001). "[T]he critical inquiry for first-to-file purposes is which court 'first obtains possession of the subject of the dispute, not the parties of the dispute.'" *Horton Archery, LLC v. Am. Hunting Innovations, LLC*, No. 5:09CV1604, 2010 U.S. Dist. LEXIS 6699, at *13 (N.D. Ohio Jan. 27, 2010). "The 'subject matter' requirement of the first-to-file rule is satisfied in patent infringement matters where the actions in question involve the same patent and the same allegedly infringing product, though not necessarily the same parties." *Shire U.S., Inc. v. Johnson Matthey, Inc.*, 543 F. Supp. 2d 404, 409 (E.D. Pa. 2008).

**B.  Personal Jurisdiction**

Plaintiff bears the burden of establishing this Court's personal jurisdiction over Defendants. *Mich. Nat'l Bank v. Quality Dinette, Inc.*, 888 F.2d 462, 466 (6th Cir. 1989). This burden, however, is "slight." *Coast to Coast Health Care Services, Inc. v. Meyerhoffer*, 2:10cv734, 2012 U.S. Dist. LEXIS 6250, at *3 (S.D. Ohio Jan. 19, 2012). In deciding whether personal jurisdiction exists, a court has discretion to hold a hearing or rely on the affidavits and factual allegations in the pleadings. *Id.*

When a defendant files a properly supported motion to dismiss, "the plaintiff may not stand on [its] pleadings but must, by affidavit or otherwise, set forth specific facts

showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). The plaintiff "need only make a *prima facie* showing of jurisdiction," and the court "does not weigh the [defendant's] controverting assertions." *Id.* Dismissal is proper where the plaintiff's factual allegations taken together fail to establish a *prima facie* case for personal jurisdiction. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).

    C.    **Transfer of Venue**

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court where it might have been brought." Courts interpreting Section 1404(a) must engage in a two-step analysis and determine: (1) whether the action might have been brought in the proposed transferee court; and (2) whether considering all relevant factors, the balance of convenience and the interest of justice "strongly" favor transfer. *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 849-50 (S.D. Ohio 2007).

The moving party bears the burden of demonstrating that transfer under Section 1404 is proper. *Id.* District courts have discretion to adjudicate motions for transfer under Section 1404(a) "according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

### III. ANALYSIS

#### A. Motion to Stay

Defendant Team Tech moves to stay this action pending the outcome of the New Jersey case on the basis of the customer suit exception to the first-to-file rule. (Doc 13 at 4). The customer suit exception provides that when "litigation [is] against or brought by the manufacturer of infringing goods[, it] takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). Underlying the customer suit doctrine is the preference that infringement determinations should be made in suits involving the manufacturer because "the manufacturer is the true defendant in the customer suit." *Id*. Thus, when an action includes both the customer and the manufacturer as parties to the suit, the customer suit exception does not apply. *See, e.g., Horton Archery*, 2010 U.S. Dist. LEXIS 6699 at 17 (finding that the customer suit exception "plainly" did not apply where the first filed case, "as amended," included the "true defendant").

Team Tech maintains that although Plaintiff filed this suit prior to CLIO's filing of the New Jersey declaratory judgment action and would satisfy the first-to-file rule, the customer suit exception to the first-to-file rule requires that the New Jersey suit be given precedence because the manufacturer of the products in question is a party to that suit. However, the premise of Team Tech's motion became moot a few hours prior to its filing,

when Plaintiff amended its Complaint to add Defendant CLIO to this case as the manufacturer of the accused products.

When Team Tech moved for a stay pending the outcome of the New Jersey case, CLIO was already a party to this case. The customer suit exception is therefore inapplicable, and the first-to-file rule controls.

    **B.    Motion to Dismiss**

        **1.    Personal Jurisdiction**

In its motion, Defendant CLIO moves to dismiss the action pursuant to Fed. R. Civ. Proc. 12(b)(2) on the basis that the Court lacks personal jurisdiction. (Doc. 17 at 9-10). Federal Circuit law governs whether a district court may properly exercise personal jurisdiction over an out-of-state defendant. *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d at 1231. "Personal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long-arm statute permits the assertion of jurisdiction without violating federal due process." *Id.* at 1230.

Ohio's long-arm statute provides, in relevant part:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
> (1) Transacting any business in this state; (2) Contracting to supply services or goods in this state; (3) Causing tortious injury by an act or omission in this state; [or] (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state.

Ohio Rev. Code § 2307.382. Jurisdiction is appropriate in this case under Section (A)(1), (A)(2), and (A)(4).

Section 2307.382(A)(1) is interpreted broadly, and "permit[s] jurisdiction over nonresident defendants who are transacting any business in Ohio." *Specialized Mach. Hauling & Rigging, LCC v. D&L Transp. LLC*, No. 3:08-cv-445, 2009 U.S. Dist. LEXIS 37234, at *14 (S.D. Ohio Apr. 20, 2009). This includes a business relationship with a distributor that provides a defendant with an "established distribution channel" into Ohio. *State ex rel. Attorney General v. Grand Tobacco*, 871 N.E.2d 1255, 1261 (Ohio App. 2007). When CLIO created products clearly marked for national sale at Rite Aid and CVS, and contracted to provide those products to Team Tech for distribution to those retailers in Ohio, a distribution channel was established. The contractual establishment of this distribution channel provides for personal jurisdiction over CLIO under both Section (A)(1) and (A)(2).

Finally, jurisdiction is also appropriate under Section (A)(4). According to the Federal Circuit in interpreting the same provision in the Virginia long-arm statute, "the situs of the injury is the location, or locations, at which infringing activity directly impacts on the interests of the patentee, here the place of the infringing sales[.]" *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1571 (Fed. Cir. 1994). Here, the alleged infringing sales have occurred at Rite Aid and CVS locations throughout Ohio.

There is no doubt that jurisdiction over CLIO is proper under Ohio Rev. Code § 2307.382(A)(1), (A)(2), and (A)(4).

The second question is whether the assertion of personal jurisdiction over CLIO by this Court would violate federal due process.  The exercise of personal jurisdiction is proper if the defendant purposely availed itself of the protections of the district by establishing minimum contacts with the forum such that exercising personal jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice.  *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945).  Such minimum contacts can be established where "an alleged foreign infringer's sole contact with the forum resulted from indirect shipments through the stream of commerce."  *Beverly Hills Fan*, 21 F.3d at 1564.  Where defendants "knew the likely destination of the products, and their conduct and connections with the forum state were such that they should reasonably have anticipated being brought into court there," the requirements of the Due Process Clause are met.  *Id.* at 1566.

CLIO manufactured all aspects of the products in question, including the packaging that explicitly states they are to be sold in Rite Aid and CVS's national retail networks.  (Doc. 13 at 7; Doc. 23 at 8).  CLIO sold the labeled products to Team Tech, which then sold them to CVS and Rite Aid for consumer sale.  (Doc. 23 at 8).  Plaintiff found and purchased the accused products in CVS and Rite Aid stores located in Ohio. (*Id.* at 9).  Both Defendants have admitted that every accused product sold in any CVS or Rite Aid, including those stores throughout Ohio, was manufactured by CLIO and distributed by Team Tech through their established distribution channel.

CLIO has the requisite minimum contacts with this forum, and the constitutional requirements for personal jurisdiction are met.

### 2. Improper Venue

In the alternative, Defendant CLIO moves to dismiss the action pursuant to Fed. R. Civ. Proc. 12(b)(3) on the basis of improper venue.

#### a. 28 U.S.C. § 1391(b)

Under 28 U.S.C. § 1391(b), venue is only proper in a judicial district: (1) where any defendant resides, if all defendants reside in the same state; (2) where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.  CLIO claims that venue is not proper in this district under any of these three subsections.  Subsection 1 is clearly inapplicable, as the defendants reside in separate states.  Subsection 2 is also inapplicable, as the site of the injury in patent infringement cases is the location of the infringing sales, which occurred throughout the country and not substantially in any one district.  As stated *supra*, however, this Court can properly assert personal jurisdiction over CLIO in this case, and therefore venue is proper under 28 U.S.C. § 1391(b)(3).

### b. First-to-File Rule

CLIO also moves for dismissal on the basis that venue is improper in this district based on CLIO's declaratory judgment action against Plaintiff in the District of New Jersey and the first-to-file standard whereunder the first court to take possession of a dispute should be the one to proceed to judgment. However, "the critical inquiry for first-to-file purposes is which court 'first obtains possession of the subject of the dispute, not the parties of the dispute.'" *Horton Archery*, 2010 U.S. Dist. LEXIS 6699 at 13 (citation omitted). Thus, "[t]he 'subject matter' requirement of the first-to-file rule is satisfied in patent infringement matters where the actions in question involve the same patent and the same allegedly infringing product, thought not necessarily the same parties." *Id.*

This case was filed against Team Tech on July 20, 2012. (Doc. 1). The Complaint mistakenly named Team Tech as the company that "manufactures" the products in question. (Doc. 13 at 2). Despite vague references to a third party "supplier" made by Team Tech to Plaintiff, Team Tech revealed no specific information about the existence of CLIO or its role in the production of the accused products to Plaintiff. (Doc. 23 at 3).

On September 12, 2012, CLIO filed the New Jersey case against Plaintiff. (Doc. 16 at 4). After being thus alerted to the existence of CLIO and its role in manufacturing the accused products, Plaintiff amended its Complaint and added CLIO as a defendant in this case on September 14. (*Id.* at 5).

While CLIO claims that the New Jersey case is the first-filed case "between the true parties in interest" and therefore should benefit from the first-to-file presumption, there can be no doubt that this Court was the first to take possession of the subject of the dispute, almost two months before the filing of the New Jersey case. CLIO itself states that the two cases involve "the same parties, with the same patents at issue, raising the same facts and circumstances and the same causes of action." (Doc. 17 at 1).

Here, the two cases do involve the same parties, as an amended complaint relates back to the original pleading when: (1) the amendment relates to a claim or defense arising out of the conduct, transaction, or occurrence set out in the original complaint; (2) the party to be added has notice of the action within the period provided by Rule 4(m) such that it will be not prejudiced; and (3) the party knew or should have known the action would have been brought against it but for a mistake concerning the party's identity. Fed. R. Civ. Proc. 15(c)(1)(C).

Here, all three requirements are met. Plaintiff asserts infringement of the same patents by the same accused products as between Team Tech and CLIO. CLIO's specific reference to this case in its New Jersey complaint shows that it had notice of this action well within the 120-day period for serving the Complaint filed on July 20, 2012. (Doc. 16 at 10). Finally, CLIO knew or should have known that the action would have been brought against it but for a mistake of identity. Team Tech and CLIO are represented by the same counsel, and the original Complaint mistakenly named Team Tech as the

manufacturer of the accused products. (Doc. 16 at 11). As Team Tech did not provide any information about CLIO, and neither the packaging of the accused products nor any website searched by Plaintiff identifies CLIO's role in manufacturing them, Plaintiff proceeded to the best of its knowledge in mistakenly naming Team Tech as the manufacturer. (*Id.*)

CLIO and Team Tech's shared counsel, and CLIO's reference to this case in its New Jersey complaint, make it clear that CLIO knew or should have known that this action would have been brought against it but for a mistake of identity as to the products' manufacturer.

Plaintiff's Amended Complaint therefore relates back to the filing date of the original Complaint in this case, and this case is the first-filed between the true parties in interest.

    **C.    Motion to Transfer**

In the alternative, both Team Tech and CLIO move for a transfer of venue to the District of New Jersey under 28 U.S.C. § 1404(a) for consolidation with the declaratory judgment action filed in that district by Defendant CLIO. Section 1404 provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court where it might have been brought." "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Reese v. CNH Am.*, 574 F.3d 315, 320 (6th

Cir. 2009). "The Court must give foremost consideration to the plaintiff's choice of forum and the balance must weigh strongly in favor of a transfer before the Court should grant a Section 1404(a) motion." *Western & Southern Life Ins. Co. v. Morgan Stanley Mortg. Capital, Inc.*, No. 1:11-cv-576, 2011 U.S. Dist. LEXIS 146213, at *11 (S.D. Ohio Dec. 20, 2011). "The moving party bears the burden of showing the need to transfer venue." *Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp.2d 941, 945 (S.D. Ohio 2002).

In determining whether a transfer is appropriate under Section 1404(a), a court should evaluate both the private and public interests. *Kay*, 494 F. Supp. 2d at 849-50. Private interests relevant to this case include: (1) the relative ease of access to sources of proof; (2) availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining attendance of willing witnesses; and (3) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id*. at 850 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). Public interests relevant to this case include: (1) the value of holding trial in a community where the public affected live and (2) the familiarity of the court with controlling law. *Id*. at 850 (citation omitted). The decision of whether to grant a change of venue "ultimately lies within the sound discretion of the district court." *Id*.

Team Tech and CLIO have failed to make fully substantiated arguments as to why these public and private factors weigh in favor of transferring this case to the District of New Jersey. Plaintiff properly observes that both Defendants rely on "a handful of

unsupported, conclusory sentences." Under the law, however, "[w]hen a party moves for change of venue based on inconvenience to witnesses or the burden of transporting documents, the party should provide specific evidence of inconvenience." *Union Cent. Life Ins. Co. v. Anchor Fin. Servs., LLC*, No. 1:10-cv-95, 2010 U.S. Dist. LEXIS 139405, at *7 (S.D. Ohio May 21, 2010).

With regard to the private interest factors, Defendants have failed to identify what the relevant sources of proof and witnesses would be and why it would be burdensome to present them at trial in Ohio. Plaintiff's sources of proof and witnesses are located in Cincinnati, weighing against transfer. Finally, the fact that this Court is currently presiding over the *Be Well* case concerning two of the three patents at issue in the present case weighs heavily against transfer, as "the existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interests of justice." *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) (emphasis added).

With regard to the public interest factors, this Court has a strong interest in resolving the issues in this case, as well as a familiarity with the subject matter and claims of the patents-in-suit because of the *Be Well* case, which involves two of the same patents and substantially similar issues and accused products.

In sum, considering the lack of specificity and conclusory nature of Defendants' arguments for transfer, Defendants have failed to meet their burden.

## IV. CONCLUSION

Accordingly, for the reasons stated here, Defendant Team Technologies, Inc.'s Motion to Stay or Transfer to the District of New Jersey for Proper Venue Under 28 U.S.C. § 1404(a) (Doc. 13) and Defendant CLIO USA, Inc.'s Motion to Dismiss or Transfer to the District of New Jersey (Doc. 17) are hereby **DENIED**.

**IT IS SO ORDERED.**

Date:  November 26, 2012                              *s/ Timothy S. Black*
                                                     Timothy S. Black
                                                     United States District Judge