UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE PROCTOR & GAMBLE CO., | : | Case No. 1:12-cv-552 |
| Plaintiff, | : | |
| | : | Judge Timothy S. Black |
| vs. | : | |
| | : | |
| TEAM TECHNOLOGIES, INC., *et al.*, | : | |
| Defendants. | : | |

**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE INSUFFICIENT DEFENSES AND RELATED PORTIONS OF PRAYER FOR RELIEF (Doc. 20)**

This civil action is before the Court on Plaintiff The Procter & Gamble Company's Motion to Strike Insufficient Defenses and Related Portions of Prayer for Relief (Doc. 20) and the parties' responsive memoranda (Docs. 25 and 27). For the reasons stated here, Plaintiff's motion is granted.

**I.  BACKGROUND**

Plaintiff sued Defendant Team Technologies, Inc. ("Team Tech") for patent infringement on July 20, 2012. (Doc. 1). Team Tech answered the Complaint on September 4, 2012. (Doc. 8). After learning that Defendant CLIO was the manufacturer of the accused products, Plaintiff amended its complaint on September 14, 2012 to add CLIO as a co-defendant. (Doc. 10). On September 27, 2012, Team Tech answered the Amended Complaint. (Doc. 15).

In its Answer to the First Amended Complaint, Team Tech asserts several defenses that Plaintiff now moves to strike. Team Tech asserts that each of the patents-in-suit "is not directed to patentable subject matter as the disclosed subject matter is non-statutory and as such does not qualify as patentable subject matter under 35 U.S.C. § 101 and are [sic] therefore invalid." (Doc. 15 at ¶¶ 43-45, p. 9). Team Tech also asserts that each of the patents-in-suit "is unenforceable due to a lack of candor with the USPTO during the prosecution." (*Id.* at ¶¶ 52-54, p. 10). Finally, in its prayer for relief, Team Tech asks that judgment be entered that the claims of the patents-in-suit are "invalid" and "unenforceable due to lack of candor." (*Id.* at p. 11).

Plaintiff now moves to strike these defenses as insufficient to meet the pleading requirements.

## II.  STANDARD OF REVIEW

**A.   Rule 12(f)**

A court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstances. *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). A motion to strike defenses is proper if it aids in streamlining litigation by eliminating "spurious issues" before trial. *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986) (quoting *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)).

**B.     35 U.S.C. § 101**

Section 101 of the patent laws defines patentable subject matter as "any new and useful process, machine, manufacture, or composition of matter, or any new or useful improvement thereof[.]" 35 U.S.C. § 101. According to the Supreme Court, this is a "dynamic provision designed to encompass new and unforeseen inventions." *J.E.M. Ag Supply, Inc. v. Pioneer Hi-Bred Int'l, Inc.*, 534 U.S. 124, 135 (2001). "In choosing such expansive terms, . . . modified by the comprehensive 'any,' Congress plainly contemplated that patent laws would be given wide scope." *Bilski v. Kappos*, 130 S.Ct. 3218, 3225 (2010) (quoting *Diamond v. Chakrabarty*, 447 U.S. 303, 308 (1980)). "Congress intended statutory subject matter to 'include anything under the sun that is made by man.'" *Diamond*, 447 U.S. at 309.

This wide scope is limited by only three judicially-created exceptions to patent-eligible subject matter: laws of nature, physical phenomena, and abstract ideas. *Bilski*, 130 S.Ct. at 3225. If an invention is a process, machine, article of manufacture, or composition of matter as required by Section 101, and does not fall into any of these three exceptions, it meets the threshold requirements for patent eligibility.

**C.     Inequitable Conduct**

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. Proc. 9(b). Allegations of inequitable conduct in patent cases "must be pled with particularity under

Rule 9(b)." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009). "A pleading that simply avers the substantive elements of inequitable conduct, without setting forth the particularized factual bases for the allegation," is insufficient. *Id.* at 1326-27 (footnote omitted).

In order to satisfy this pleading standard, "the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Id.* at 1328. It "must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with the specific intent to deceive the PTO." *Id.* at 1328-29. It must identify "both 'why' the withheld information is material and not cumulative, and 'how' an examiner would have used this information in assessing the patentability of the claims." *Id.* at 1329-30.

### III. ANALYSIS

**A.  35 U.S.C. § 101**

Conclusory allegations that simply invoke a statutory provision are insufficient to state an affirmative defense under Section 101. *See, e.g., Iconfind, Inc. v. Google, Inc.*, No. 2:11-cv-00319-GEB-JFM, 2011 WL 4505779, at *1 (E.D. Cal. Aug. 2, 2011) (affirmative defense stricken where it was "comprised solely of legal conclusions and/or conclusory factual allegations"). "[R]eference to statutory provisions . . . is insufficient notice of the basis for the relief the pleader seeks." *Id.* (citation omitted).

Bearing in mind the expansive scope of Section 101, Team Tech has nevertheless

provided absolutely no factual basis for alleging that the patents-in-suit refer to laws of nature, physical phenomena, or abstract ideas, which are the only three exceptions to patentability. Team Tech's affirmative defense simply makes the bare allegation that the subject matter of the patents-in-suit is non-statutory. Despite Team Tech's assertion that "Plaintiff is on notice," in truth, Plaintiff has no notice whatsoever of the factual basis for Team Tech's allegation that the patents-in-suit do not concern patent-eligible subject matter. This affirmative defense is therefore insufficiently pled and hereby stricken from the Answer.

**B.     Inequitable Conduct**

As discussed *supra*, the *Exergen* pleading standard applies to allegations of inequitable conduct asserted in affirmative defenses. *See, e.g., Zep Solar Inc. v. Westinghouse Solar Inc.*, No. C 11-06493 JSW, 2012 WL 1293873, at *2 (N.D. Cal. Apr. 16, 2012). When a pleading lacks the requisite particularity to give notice to the other party of the facts on which the defense of inequitable conduct is based, the defense should be stricken. *Central Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Solutions, P.C.*, 482 F.3d 1347, 1357 (Fed. Cir. 2007).[1]

---

[1] *See also Taro Pharm. N. Am. Inc. v. Suven Life Scis., Ltd.*, No. 11-2452 (JAP), 2012 WL 2513523, at *7 (D.N.J. June 28, 2012) (striking defense at the outset of the case because defendant failed to allege inequitable conduct with the requisite specificity); *Zep Solar Inc. v. Westinghouse Solar Inc.,* 2012 WL 1293873 at 3 (striking inequitable conduct allegation at the beginning of the case when defendant's "woefully inadequate" allegations failed to "identify any particular misrepresentation or omission to the PTO, let alone allege any facts regarding the 'who, what, when, where, and how' of any such material misrepresentation or omission"); *Unique Indus., Inc. v. 965207 Alberta Ltd.*, 722 F. Supp. 2d 1, 7 (D.D.C. 2009) ("Therefore, an inequitable conduct defense to a patent infringement claim may be stricken pursuant to Rule 12(f) for failure to plead with particularity."); *Chiron Corp. v. Abbott Labs.*, 156 F.R.D. 219, 222-23 (N.D. Cal. 1994) (striking defense when pleading identified an affidavit that was purportedly fraudulent, but failed to state what part of the affidavit was deceptive and how it allegedly mislead the patent examiner).

In this case, Team Tech has not alleged a single fact to support its inequitable conduct defense, let alone the specific "who, what, where, when, and how" required by the *Exergen* standard.

Contrary to Team Tech's assertion that it is in an "impossible position" because it needs discovery in order to gain access to the facts necessary to meet this standard, all of the communications between Plaintiff and the PTO are in the public domain and available to Team Tech now. (Doc. 27 at 4). Contrary to Team Tech's assertion that the "who" and the "where" are already known, Team Tech is required to "name the specific individual who both knew of the material information and deliberately withheld or misrepresented it" and "identify which claims, and which limitations in those claims, the withheld references are relevant to, and where in those references the material information is found – i.e., the 'what' and 'where' of the material omissions." *Exergen*, 575 F.3d at 1329.

There is nothing in the case law that provides that discovery is required before Rule 9(b) applies.[2] Courts should not permit an unsupported inequitable conduct defense to be asserted or maintained. If Team Tech is later able to allege the inequitable conduct defense with sufficient particularity to meet the *Exergen* standard, and can show good cause to amend its pleading, Team Tech can then so move. However, Team Tech has failed to meet the Rule 9(b) pleading standard and therefore the inequitable conduct affirmative defense is hereby stricken from the Answer.

---

[2] *See Exergen*, 575 F.3d at 1312; *see also Central Admixture*, 482 F.3d at 1347.

### III. CONCLUSION

Accordingly, for the reasons stated here, Plaintiff's Motion to Strike Insufficient Defenses and Related Portions of Prayer for Relief is **GRANTED,** and the Section 101 and inequitable conduct affirmative defenses and related language are hereby **STRICKEN** from the Answer (Doc. 15) (as shown in Exhibit A to Plaintiff's Motion to Strike (Doc. 20-1, PAGEID # 261-72).

**IT IS SO ORDERED**.

Date:  November 30, 2012               *s/ Timothy S. Black*
                                       Timothy S. Black
                                       United States District Judge