UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE PROCTER & GAMBLE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 1:12-cv-00552-TSB |
| | ) | |
| TEAM TECHNOLOGIES, INC. and CLIO | ) | Judge Timothy S. Black |
| USA, INC., | ) | |
| | ) | |
| Defendants. | | |

**STIPULATED ORDER ESTABLISHING PROTOCOL FOR DISCOVERY OF
ELECTRONICALLY STORED INFORMATION**

After conferring on these matters, the Parties hereby propose, subject to the Court's

approval, the following agreed upon protocol for the production of documents in this lawsuit:

**IT IS HEREBY STIPULATED:**

1. **General**:  The parties agree that the parties shall search for and produce
   responsive information whether that information is stored in electronic or hard
   copy format.  The procedures and protocols set forth in this Order shall govern the
   *production* of responsive information in this litigation.  Nothing in this Order
   should be construed as imposing on the Parties an obligation to use an e-discovery
   vendor or to employ any particular procedures or technology to collect, process,
   or review potentially responsive materials for production.  Except as expressly
   stated, nothing in this order affects the Parties' discovery obligations under the
   Federal or Local Rules.

2. **Hard Copy Documents**:  Each Producing Party has an independent and separate
   obligation to produce non-duplicative paper documents responsive to a discovery
   request.  Hard copy documents may be scanned and produced in the same manner
   as electronic documents, as identified below, or, at the producing party's election,
   produced in hard copy format.

3. **Electronically Stored Information ("ESI")**:

   The Parties agree that information stored in electronic formats is subject to
   discovery.  Subject to any appropriate and timely objections, documents retrieved
   from electronic records that are responsive to specific discovery requests shall be

produced. Back up tapes and reasonably inaccessible archival records need not be searched. Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a Party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations. A Party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4.   **Production Format**:

The Parties shall produce discovery in the following format:

A.   Documents will be produced in PDF format.

B.   Each separate document will be produced as a separate PDF. Each page in the PDF will have its own production/Bates number. The file name for each PDF will contain at least the starting production/Bates number.

C.   The preferred production/Bates numbering scheme will be comprised of an alphabetical prefix with no less than eight (8) following numbers, starting with 00000001. There will be no spaces or punctuation in the identifying control number.

D.   In the event that unredacted Excel spreadsheets, database, audio/video files, or other documents are not amenable to conversion to PDF format, they may, at the producing party's election, be produced as native files.

E.   If the above-described production format is determined to be impractical for a particular subset of documents, the Parties shall follow the procedures described in Section 7, *infra,* to reach an alternate production format.

F.   The production shall not include metadata.

5.   **Duplicate Production Not Required:**

A Party producing documents in electronic form need not produce the same document in paper format, unless the paper document contains additional annotations not present on the other copy. A Party is not required to produce multiple copies of identical electronic or hard copy documents.

6.   **Email**: The production of electronic mail documents or other forms of electronic correspondence (collectively "email") will be governed by the following procedures:

A.   General production requests calling for the production of documents or information under Federal Rules of Civil Procedure 34 and

45, or compliance with a mandatory disclosure of this Court, shall not include email. To obtain email, the Parties must propound specific email production requests and demonstrate a need for the email production. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

B.      Email production requests shall be phased to occur after the Parties have exchanged initial disclosures and basic documentation about the patents, prior art, the accused instrumentalities, and the relevant finances.

C.      Email production requests shall identify the custodian, search terms, time frame, and need.

D.      Each Requesting Party shall limit its email production requests to a total of five custodians per Producing Party for all such requests. The Parties may jointly agree to modify this limit without leave of Court. The Parties may submit to the Court a request for up to five additional custodians per Producing Party, which the Court may consider upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a Party serve email production requests for additional custodians beyond the agreed upon limit of five custodians, either by agreement of the Parties or by approval of the Court, the Requesting Party shall bear all reasonable costs caused by such additional discovery.

E.      Each Requesting Party shall limit its email production requests to a total of five search terms per custodian per Party. The Parties may jointly agree to modify this limit without leave of Court. The Parties may submit to the Court a request for up to five additional search terms per custodian, which the Court may consider upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the Producing Party's company name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.,* "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.,* "and," "but not," "w/x") is encouraged to limit the production. Should a Party serve email production requests with search terms beyond the agreed upon limit of five search terms, either by agreement of the Parties or by approval of the Court, the Requesting Party shall bear all reasonable costs caused by such additional discovery.

3

F.     The Receiving Party shall not use information that the Producing Party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

G.     Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of privileged or work product information is not a waiver in the pending case or in any other federal or state proceeding.

H.     The mere production of ESI or emails in litigation as part of a mass production shall not itself constitute a waiver for any purpose.

I.     If any disputes arise with respect to the production of e-mail, the Parties shall follow the procedures described in Section 8, *infra,* to resolve the dispute.

7.     **Cooperation and Dispute Resolution**: The Parties shall, as necessary, meet and confer to resolve any issues associated with any production. If, after meeting and conferring, the Parties are unable to resolve such issues, the burden shall be on the Requesting Party to seek the Court's assistance in resolving the dispute. The Requesting Party shall follow the procedures set forth in S. D. Ohio Civ. R. 37.1 before filing a motion under Fed. R. Civ. P. 26 or 37.

ACCEPTED AND AGREED TO this 18th day of January, 2013.

THE PROCTER & GAMBLE COMPANY

TEAM TECHNOLOGIES, INC.
CLIO USA, INC.

By: ___/s/ David M. Maiorana_____

By: ___/s/ Joseph J. Zito_____

David M. Maiorana, Ohio Bar 0071440
Susan M. Gerber, Ohio Bar 0070945
Kenneth S. Luchesi, Ohio Bar 0089926
(admitted *pro hac vice*)
**JONES DAY**
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Joseph J. Zito (*pro hac vice*)
**ZITO TLP**
1250 Conn. Ave., NW, Suite 200
Washington, DC 20036
Phone: (202) 466-3500
E-mail: jzito@dnlzito.com

Paul Grandinetti (0008288)
1120 Connecticut Avenue, N.W., Suite 304
Washington, DC 20036
Phone: (202) 429-4560
Fax: (202) 429-4564
E-mail: mail@levygrandinetti.com

**THE FOREGOING STIPULATION
IS APPROVED AND IS SO ORDERED**

Date: _____1/25/13_____

_Timothy S. Back_____
Hon. Timothy S. Black