UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 1:12-cv-00552-TSB |
| ) | |
| TEAM TECHNOLOGIES, INC. and CLIO ) | Judge Timothy S. Black |
| USA, INC., ) | |
| ) | |
| Defendants. | |

**PROTECTIVE ORDER**

The Court recognizes that disclosure and discovery activity are likely to arise that will require the disclosure of trade secrets, confidential research, development, manufacturing, financial, process, marketing, and business information, or other commercial information within the meaning of Federal Rule of Civil Procedure 26(c). Good cause exists to protect this information from public disclosure. In the absence of a suitable protective order safeguarding the confidentiality of such information, the parties would be hampered in their ability to produce such information.

Accordingly, the Court ORDERS that the parties shall adhere to the following:

### 1. DESIGNATION OF PROTECTED MATERIAL

1.1 This Order shall govern all documents and other products of discovery obtained by the parties from one another, and from third parties, all information copied or derived therefrom, as well as all copies, excerpts, summaries or compilations thereof, including documents produced pursuant to requests authorized by the Federal Rules of Civil Procedure, answers to interrogatories, deposition transcripts, responses to requests for admission, affidavits,

declarations, expert reports, and other such material and information as may be produced during the course of this litigation.

1.2  In connection with discovery proceedings in this action, any party or third party may designate any non-public document, material, or information as "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" ("Protected Material").

(A)  A party may designate as "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" any information, document, or thing that the party reasonably and in good faith believes to contain confidential information within the meaning of Fed. R. Civ. P. 26(c)(7) used by it in, or pertaining to, its business and that is not generally known, and which that party would not normally reveal to third parties or, if disclosed, would require such third parties to maintain in confidence. A party may also designate as "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" such materials as the party reasonably and in good faith believes to contain particularly sensitive technical information relating to research for and production of current products; technical, business, and research information regarding future products; non-public and highly sensitive financial information; marketing and sales information, such as marketing plans and forecasts, customer lists, pricing data, cost data, customer orders, and customer quotations; any pending or abandoned patent applications, foreign or domestic; and such other documents, information, or materials that relate to other proprietary information that the designating party reasonably believes is of such nature and character that disclosure of such information would be harmful to the designating party.

1.3  The following information shall not be designated or protected under this Protective Order:

(A) Information that is in the public domain at the time of disclosure, including patent file histories, publicly available prior art publications, catalogs and other advertising materials, press releases, and publicly-filed financial statements;

(B) Information that at any time is made public through no act of a nondesignating party;

(C) Information that the designating party has not undertaken with others to maintain in confidence and that is in the possession of or becomes available to the receiving party other than through discovery in this action, but only if the receiving party can show by written documentation that the information independently came into its rightful possession; or

(D) Information that is independently developed by the receiving party, as reflected by written documentation demonstrated to be in existence prior to production by the party claiming confidentiality.

1.4 Any documents or things produced pursuant to a discovery request or other written materials exchanged by the parties (including discovery responses, letters, and briefs) that a party desires to designate as Protected Material shall be so designated by marking each page of the document, paper or thing CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY, as appropriate, and indicating the identity of the producing party (*e.g.*, through the use of an identifying prefix to the document identification (Bates) number).

1.5 In the event a party may make available certain of its files for inspection by another party, which files may contain non-confidential material as well as material that may be subject to protection under this Protective Order, with the intent that following such inspection

3

the inspecting party will designate certain of the inspected documents to be copied and furnished to it, such files need not be marked with the confidentiality designation in advance, but shall all be treated as CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY materials. Only those persons identified in paragraph 2.2 below as permitted to view CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY materials may be present at any such inspection. When the producing party copies the documents to furnish to the inspecting party, the producing party shall mark Protected Material with the confidentiality designation to the extent warranted under paragraph 1.2.

1.6    Whenever a deposition involves a disclosure of Protected Material, the following procedures shall apply:

(A)    Any party may designate any portion or all of a deposition as CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY by notifying the other parties on the record during the deposition. The Court Reporter shall be asked to make the confidentiality designation on each page of the transcript that contains CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY information. At that time, all persons not qualified to receive that category of information shall leave the room prior to continuation of the deposition and until the conclusion of such designated testimony; and

(B)    Any party may also designate any portion or all of a deposition as CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY by notifying the other parties separately in writing within thirty days of receipt of the transcript. In such event, the parties shall confer as to the most convenient way to segregate the designated portions of the transcript. All information disclosed at a deposition and all information contained in deposition transcripts shall be treated as CONFIDENTIAL – OUTSIDE COUNSEL'S

EYES ONLY for a period of thirty days after the receipt of the transcript to permit adequate time for review of the transcript and notice to other counsel regarding any designation as Protected Material by a designating party.

## 2. ACCESS TO AND USE OF PROTECTED MATERIAL

2.1 Protected Material, and all summaries, compilations, and derivations thereof, whether oral or written, shall be maintained in confidence, shall be used solely in the preparation, prosecution, or trial of this action and not for any other purpose, and shall be disclosed only as provided in the following paragraphs.

2.2 Information which has been designated as CONFIDENTIAL – ATTORNEY EYES ONLY may be disclosed only to:

(A) The outside attorneys of record and their employees who are engaged in assisting in this action;

(B) Independent consultants or experts retained by the party or its attorneys in connection with this action, including technical experts, damage and industry experts, patent experts, and jury or trial consultants, together with their employees engaged in assisting in this action (including mock jurors), but only subject to the provisions of paragraph 2.5 below;

(C) The Court and its personnel;

(D) Court reporters and their personnel engaged in proceedings incident to preparation for trial or engaged in trial;

(E) Professional vendors and their employees, including copy services, trial graphics services, and translation services, engaged by counsel; and

5

(F) Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient of the document, or the original source of the information.

2.3 Protected Material shall be disclosed to consultants and experts only upon the following terms:

(A) Prior to any disclosure, the consultant or expert shall be identified in writing to the other parties' counsel by name, address, and corporate, business or other professional affiliation or employment, together with a copy of the expert's curriculum vitae and a list of the expert's litigation or consulting engagements for the past three years;

(B) Unless another party notifies the proposing party of any objection and that objection is received within five business days after notification (by fax, by email, or by overnight mail), the consultant or expert shall thereafter be allowed to have access to Protected Material pursuant to the terms and conditions of this Protective Order;

(C) In the event of a timely objection, which shall be made in good faith and on reasonable grounds, the proposing party shall refrain from disclosure of Protected Material to the consultant or expert until the objection has been resolved between the parties or ruled upon by the Court;

(D) The parties shall endeavor in good faith to resolve the dispute without calling upon the intervention of the Court. The burden is on the objecting party to seek the intervention of the Court by appropriate motion to preclude the proposing party from disclosing Protected Material to the consultant or expert. If no such motion is filed

within ten business days of receipt of the objection, the proposing party may disclose Protected Material to the consultant or expert as if no objection had been raised; and

(E) No party shall use its right to object to a proposed consultant or expert to interfere with the ability of another party to prepare for trial through the use of consultants and experts.

2.4 Prior to receiving any Protected Material, any persons described in section (B) of paragraph 2.2 shall be furnished with a copy of this Protective Order and shall execute a copy of the "Agreement to be Bound by Protective Order" attached as Exhibit A. A copy of the signed Agreement shall be maintained by counsel for the party providing such access.

2.5 Any and all persons, including outside trial counsel for the parties to this litigation, given access to information designated CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY, the information contained therein, or any summaries, copies, abstract, or other documents derived in whole or in part from the material so designated, shall not participate in the patent prosecution of any patent application relating to the subject matter of this litigation during this litigation and for at least one year after the completion of this litigation (including all appeals). For purposes of this paragraph, "patent prosecution" includes, but is not limited to, drafting responses to office actions or other papers issued by the United States Patent and Trademark Office ("USPTO") and/or any foreign patent office. This paragraph shall not prohibit the merely administrative aspect of being a manager or supervisor of other attorneys who are engaged in patent prosecution. Notwithstanding anything to the contrary in this paragraph, if a reexamination or other administrative review at the U.S. Patent Office is instituted regarding any of the patents-in-suit, such persons may participate in the reexamination proceedings, despite the

fact that they have received CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY material.

2.6 Nothing in this Protective Order shall prevent any counsel of record from utilizing Protected Material in the examination of any person who is reasonably alleged to be the author, recipient or source of the Protected Material or who is reasonably believed to have knowledge relating thereto. In addition,

(A) Parties and present employees of the parties, or employees of third parties, may be examined as a witness at depositions and trial and may testify concerning all Protected Material produced or designated by that party, or by the employee's employer if a third party;

(B) Former employees of the parties, or former employees of third parties, may be examined and may testify concerning all Protected Material produced or designated by the party or third party that formerly employed such person and which pertains to the period or periods of his/her employment and prior thereto; and

(C) Former experts of the parties may be examined and may testify concerning all Protected Material produced or designated by the respective party that pertains to the subject matter of his/her consultation.

2.7 Nothing in this Protective Order shall preclude any party from introducing Protected Material into evidence at any evidentiary hearing or at trial. However, if anyone intends to introduce or refer to Protected Material at any hearing or trial, the party wishing to make the disclosure shall first notify the producing party and provide that party with an

8

opportunity to object and/or to ask the Court to take appropriate precautionary procedures (*e.g.*, clearing the Courtroom, sealing the record, etc.).

2.8 Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his/her clients with respect to this litigation and referring to or relying generally upon his/her examination of Protected Material, provided that in rendering such advice and in otherwise communicating with his/her clients, the attorney shall not disclose the content of such information.

2.9 All persons in possession of Protected Material shall exercise reasonable and appropriate care with regard to the storage, custody, and use of such information in order to ensure that the provisions of this Protective Order are observed and the confidential nature of the information is maintained.

## 3. CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

3.1 Any party believing that particular information has been improperly marked, *i.e.*, that it is not in fact CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY, may challenge such designation at any time by raising the issue, in writing to the designating party, and specifically identifying, by document identification (Bates) number, by deposition page and line, or by other appropriate specific identifier, the information whose confidentiality status is challenged. Within ten business days of receipt of such writing, the designating party shall either remove the designation, or respond that it has reviewed the matter and continues to maintain the designation in good faith.

3.2 The parties shall endeavor in good faith to resolve any such dispute without calling upon the intervention of the Court. If the designating party maintains its designation and the parties are unable to reach agreement, the challenging party may bring the issue to the Court.

The party asserting confidentiality shall have the burden of establishing the appropriateness of the designation, except that a party claiming that information designated by the other as confidential is in the public domain shall have the burden of proving such public knowledge.

3.3 Challenged information shall be treated as designated until the resolution of the dispute by the parties or ruling by the Court.

## 4. FILING OF PROTECTED MATERIAL

The parties may file protected materials under seal without prior permission from the Court, provided, however, that each such filing shall be subject to review by the Court. If the Court deems that any filing, or any portion thereof, was not properly filed under seal, the Court shall require the filing party to show good cause and/or the legal basis for why such filing, or portion thereof, should not be unsealed. Unless the Court orders otherwise, all sealed documents shall be filed according to S.D. Ohio Civ. R. 79.3.

## 5. TERMINATION OF LITIGATION

5.1 The obligations of this Protective Order shall survive the termination of the action and continue to bind the parties. Within sixty days after termination of this action by judgment, settlement, or otherwise from which no appeal can be brought, each party shall destroy all documents containing or disclosing Protected Material of any other party. Each party's outside litigation counsel shall have the right to retain one copy of the pleadings; of motions, memoranda, documents, and papers filed with the Court; of deposition transcripts and exhibits; and of any documents constituting work product.

## 6. THIRD PARTY DISCOVERY

6.1 In the event that any third party shall be called upon, by subpoena or otherwise, to provide or produce documents or information considered CONFIDENTIAL – OUTSIDE

10

COUNSEL'S EYES ONLY by such third party, such third party may elect to have its information treated in accordance with the terms of this Protective Order by so notifying counsel for all parties in writing. Upon service of such notice, such third party may designate documents and information as CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY in the manner set forth in this Protective Order, and such third party's designated information shall be protected in the same manner as that of the parties to this action.

## 7. INADVERTENT DISCLOSURE

7.1 If a party inadvertently discloses any document or thing containing information that it deems CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY without designating it pursuant to this Protective Order, the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing, forwarding a replacement copy of the inadvertently disclosed material properly marked with the confidentiality designation. The receiving party shall thereafter treat the information as if it had been properly marked from the outset and shall make a reasonable effort to retrieve and destroy the unmarked version of the inadvertently disclosed material. Disclosure by the receiving party to unauthorized persons before being notified of the inadvertent disclosure shall not constitute a violation of this Protective Order. Nothing in this Protective Order shall preclude the receiving party from challenging the confidentiality designation of the late-marked material pursuant to the provisions of paragraph 3.

7.2 The inadvertent or mistaken production or disclosure of documents or other information subject to the attorney-client privilege, the work product doctrine, or other privilege shall not be deemed a waiver of a claim of privilege, either as to the specific information disclosed or as to any other related information. If a producing party inadvertently produces or

11

otherwise discloses to a receiving party information that is subject to such privilege or immunity, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the inadvertently disclosed information be returned. The receiving party shall return all copies of the inadvertently produced material within five business days of receipt of the request. Any notes or summaries referring or relating to any inadvertently produced privileged material shall be destroyed. Nothing in this Protective Order shall preclude the receiving party returning the inadvertently produced material from seeking an order compelling the production of information previously produced inadvertently.

## 8. MISCELLANEOUS PROVISIONS

8.1 If Protected Material in the possession of any receiving party is subpoenaed by any court, by any administrative or legislative body, or by any other person purporting to have authority to subpoena such information, or is the subject of any discovery request under Rules 30-36 of the Federal Rules of Civil Procedure or any comparable rule of court or of any adjudicative body (such subpoena or discovery request collectively referred to as a "Third Party Request"), the party to whom the Third Party Request is directed will not produce such information without first giving prompt written notice (including a copy of the Third Party Request) to the attorneys of record for the producing party, no more than three business days after receiving the Third Party Request. The party receiving the Third Party Request must also promptly inform in writing the party who caused the Third Party Request to issue in the other litigation that some or all the material covered by the Third Party Request is subject to this Protective Order. The party receiving the Third Party Request must deliver a copy of this Protective Order promptly to the party in the other action that caused the Third Party Request to issue.

8.2     The producing party shall bear the burden and expense of seeking protection in court of its own Protected Material, and nothing in this Protective Order should be construed as authorizing or encouraging a party receiving a Third Party Request in this action to disobey a lawful directive from another court. Disclosure of information in response to a properly issued Third Party Request shall not constitute a violation of this Protective Order.

8.3     This Protective Order may be modified only by further Order of the Court, whether *sua sponte* or by agreement of the parties or their counsel and approval by the Court, and is without prejudice to the rights of any party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

8.4     Treatment by counsel or the parties of information designated CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY as designated shall not be construed as an admission by any party that the designated information contains trade secrets or other proprietary or confidential information. Conversely, failure to so designate shall not constitute a waiver of any party's claims, either within or outside this action, that any such documents or information do contain trade secrets or other proprietary or confidential information.

8.5     No party shall be obligated to challenge the propriety of any designation, and failure to challenge a claim of confidentiality at the time of receipt shall not constitute a waiver of the right to challenge a confidentiality designation at any later time.

ACCEPTED AND AGREED TO this 18th day of January, 2013.

| THE PROCTER & GAMBLE COMPANY | TEAM TECHNOLOGIES, INC.<br>CLIO USA, INC. |
|---|---|
| By: /s/ *David M. Maiorana*<br>David M. Maiorana, Ohio Bar 0071440<br>Susan M. Gerber, Ohio Bar 0070945<br>Kenneth S. Luchesi, Ohio Bar 0089926<br>(admitted *pro hac vice*)<br>**JONES DAY**<br>North Point<br>901 Lakeside Avenue<br>Cleveland, Ohio 44114-1190<br>Telephone: (216) 586-3939<br>Facsimile: (216) 579-0212 | By: /s/ *Joseph J. Zito*<br>Joseph J. Zito (*pro hac vice*)<br>**ZITO TLP**<br>1250 Conn. Ave., NW, Suite 200<br>Washington, DC 20036<br>Phone: (202) 466-3500<br>E-mail: jzito@dnlzito.com<br><br>Paul Grandinetti (0008288)<br>1120 Connecticut Avenue, N.W., Suite 304<br>Washington, DC 20036<br>Phone: (202) 429-4560<br>Fax: (202) 429-4564<br>E-mail: mail@levygrandinetti.com |

**THE FOREGOING STIPULATION
IS APPROVED AND IS SO ORDERED**

Date: 1/25/13

*Timothy S. Black*
Hon. Timothy S. Black

## EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 1:12-cv-00552-TSB |
| ) | |
| TEAM TECHNOLOGIES, INC. and CLIO ) | Judge Timothy S. Black |
| USA, INC., ) | |
| ) | |
| Defendants. | |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, hereby acknowledge that I received a copy of the Protective Order in this action. I read and understood the Protective Order and agree to be bound by its provisions. I agree not to copy or use any CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY information that may be provided to me for any purpose other than in connection with my retention in connection with this action, and I agree not to reveal any such information to any person not authorized by the Protective Order.

I further acknowledge and understand that a violation of the Protective Order may subject me to penalties of the Court, and I hereby submit to the jurisdiction of the United States District Court for the Southern District of Ohio in connection with any proceedings concerning enforcement of the Protective Order.

Dated:_____        _____