## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| THE PROCTER & GAMBLE COMPANY, | : | Case No. 1:12-cv-552 |
| | : | |
| | : | Judge Timothy S. Black |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| TEAM TECHNOLOGIES, INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER GRANTING PLAINTIFF'S COMBINED MOTION TO COMPEL PRIVILEGED DOCUMENTS AND RELATED DOCUMENTS AND COMMUNICATIONS (Doc. 53)

This civil action is before the Court on Plaintiff's Combined Motion to Compel Privileged Documents and Related Documents and Communications (Doc. 53) and the parties' responsive memoranda. (Docs. 55 and 56).

## I. BACKGROUND

Plaintiff moves this Court to compel Defendants to produce (i) the opinions of counsel that Defendant Clio USA, Inc. ("Clio") obtained relating to the infringement and validity of certain tooth whitening patents, including but not limited to Plaintiff's patents-in-suit, (ii) any documents reflecting communications on the subject matter of the opinions or relating to the subject matter of these opinions, and (iii) witness(es), including opinion counsel, to testify about the opinions and any related communications. Plaintiff is not seeking to discover Defendants' communications with or any analyses prepared by Defendants' trial counsel.

In this litigation, Clio produced to Plaintiff copies of two abridged opinions.  (Doc. 53-1 at 1-12).  The opinions are marked on their face as containing privileged communications, and they were intentionally disclosed to various third parties, including Clio's co-Defendants, the co-Defendants' customers, and Plaintiff.

Plaintiff first raised this issue on March 8, 2013.  (*Id.* at 13-16).  Clio claimed that it disclosed one of the abridged opinions to co-Defendants under an alleged common interest privilege.  (*Id.* at 17-20).  However, Plaintiff has identified documents from co-Defendant Team Technologies, Inc. ("Team Tech") showing further dissemination of counsel's opinions to retailers.  For example, CVS demanded documentation of a "legal nature" to "show there is no patent infri[n]gement" (*Id.* at 21-25), and Clio responded that it would provide such documentation.  *Id*.  Meijer requested a similar legal opinion, and a legal opinion letter was furnished to CVS.  (*Id.* at 26-29, 30-31).

In correspondence with the Court, Defendants have identified three underlying opinion letters.  The first is a draft opinion from 2011, the second is a 75-page opinion letter from 2011, and the third is a 22-page opinion letter from 2012.  (Doc. 53 at 2).

## II.    STANDARD OF REVIEW

"Both the attorney-client privilege and work-product protection are waived by voluntary disclosure of private communications to third parties."  *New Phoenix Sunrise Corp. v. Comm'r of Internal Revenue*, 408 F. App'x 908, 918 (6th Cir. 2010); *In re Grand Jury Proceedings Oct. 12, 1995*, 78 F.3d 251, 254 (6th Cir. 1996) ("By

2

voluntarily disclosing her attorney's advice to a third party, for example, a client is held to have waived the privilege because the disclosure runs counter to the notion of confidentiality").

Once a party has waived the attorney-client privilege with respect to some items, that waiver extends beyond those items to all other communications relating to the same subject matter. *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1349 (Fed. Cir. 2005) ("The widely applied standard for determining the scope of a waiver of attorney-client privilege is that the waiver applies to all other communications relating to the same subject matter"). Out of concern for fairness, the waiver must extend beyond the document initially produced so that a party is prevented from disclosing communications that support its position, while concealing communications that do not support its position. *Fort James*, 412 F.3d at 1349; *see also In re EchoStar Commc'ns. Corp.*, 448 F.3d 1294, 1301 (Fed. Cir. 2006) (a court must attempt to avoid the "inequitable result that the waiving party could waive its privilege for favorable advice while asserting its privilege for unfavorable advice").

The waiving party cannot selectively produce only those documents it wishes to disclose to its opponent. *In re Columbia/HCA Healthcare Corp. Billing Practices Litig.*, 293 F.3d 289, 302-03 (6th Cir. 2002) (rejecting "any form of selective waiver" because such picking and choosing "transforms the attorney-client privilege into 'merely another brush on an attorney's palette, utilized and manipulated to gain tactical or strategic

3

advantage'") (citation omitted).[1]

## III.    ANALYSIS

### A.  Waiver of Attorney-Client Privilege

Clio waived its attorney-client privilege with regard to the subject matter of the abridged opinions.

When a party makes a knowing and intentional waiver of the attorney-client privilege for its own purposes, fundamental fairness dictates that the party be required to produce all communications related to the same subject matter of the disclosed communications.  In *V. Mane Fils S.A. v. Int'l Flavors & Fragrances, Inc*., 249 F.R.D. 152 (D.N.J. 2008), the defendant obtained a patent opinion, as Clio did in this case, which it provided to its potential customers in an attempt to solicit their business, as Defendants did in this case.  Later in litigation, the defendant also produced the opinions

---

[1] Numerous other courts, including courts in this district, have reached the same conclusion.  *See, e.g., N. Am. Rescue Prods., Inc. v. Bound Tree Med., LLC*, No. 2:08-cv-101, 2010 U.S. Dist. LEXIS 45302, at **30-34 (S.D. Ohio May 10, 2010) (upholding Magistrate Judge's finding of subject matter waiver with respect to all communications relating to a state court litigation); *Mainstay High Yield Corporate Bond Fund v. Heartland Indus. Partners, L.P*., 263 F.R.D. 478, 481 (E.D. Mich. 2009) ("The voluntary disclosure of privileged information by an individual, or by an attorney acting on behalf of that individual, waives the privilege as to all communications involving the same subject matter"); *Info-Hold, Inc. v. Trusonic, Inc*., No. 1:06cv543, 2008 U.S. Dist. LEXIS 91418, at *17 (S.D. Ohio Aug. 30, 2008) ("The appropriate inquiry to determine the scope of the waiver is whether the client's disclosure involves the same subject matter as the information sought"); *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 472 (6th Cir. 2006) ("When a client offers his or her attorney's testimony as to a specific communication to the attorney, 'the privilege is waived as to all communications to the attorney on the same matter'") (citation omitted); *Edwards v. Whitaker*, 868 F. Supp. 226, 229 (M.D. Tenn. 1994) ("[I]t is well established that 'voluntary disclosure of the content of a privileged attorney communication constitutes waiver of the privilege as to all other such communications on the same subject'") (citations omitted).

to the plaintiff, just as Defendants have done here.  As a result of these intentional disclosures, the court found that "Defendant's decision to disclose these opinion letters to Coca-Cola, Wrigley, and P&G, in addition to Plaintiff's counsel[,] constitutes an irrevocable waiver of the attorney-client privilege." *Id*. at 155.  The court further found that, in addition to waiving the privilege over the opinions disclosed, Defendants had also waived the privilege with respect to "all of the documents surrounding these opinion letters." *Id*.

Defendants contend that disclosure of the abridged opinions to their customers and to Plaintiff's counsel was not a privilege waiver because those documents are allegedly "summary letter[s]." (Doc. 55 at 2).  In reality, however, the four-page abridged opinions reveal counsel's detailed legal analysis, opinions, and facts.  As in *In re Grand Jury Proceedings*, Clio "did not merely assert that [its] attorney had looked into the matter; [it] … revealed [its] attorney's legal conclusions and the facts on which those conclusions were based." 78 F.3d at 254.  Thus, because Clio "revealed both the legal conclusion and the reasoning behind the conclusion[,]" the attorney-client privilege has been waived as it relates to the subject matter of these opinions.  *Id*.

There is no doubt that the abridged opinions contain privileged information the author had intended to be privileged.  The authoring attorney believed they were privileged as he marked each page accordingly with "PRIVILEGED & CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION AND/OR WORK PRODUCT." (Doc. 53-

1 at 1-12).  The email preceding the first letter also states that "[t]his information should be kept as confidential information."  (*Id.* at 2).  The Sixth Circuit has rejected arguments like Defendants' here when the disclosed document "contain[ed] a prominent heading on the first page indicating 'CONFIDENTIAL' and 'ATTORNEY-CLIENT PRIVILEGED.'"  *New Phoenix*, 408 F. App'x at 919.  Clio's opinion counsel carefully marked each page of the abridged opinions, and then forwarded his privileged analysis and work product to third parties Team Tech and Brushpoint Innovations, Inc., who then further disseminated them to their retailers.

Defendants disclosed the abridged opinions to assuage their customers' concerns, and, in so doing, waived the privilege as to all related communications.  *New Phoenix*, 408 F. App'x at 919 (affirming broad subject matter waiver as to all related communications because the "attorney-client privilege cannot at once be used as a shield and a sword").  Having made these disclosures, Defendants waived any privilege relating to the full opinions and all related documents and communications.

### B.  Scope of Waiver

The Federal Circuit explained in *EchoStar* that when a party waives privilege by disclosing a patent opinion, the subject matter of that waiver extends to all communications "concerning whether that patent is valid, enforceable, and infringed by

the accused." *EchoStar*, 448 F.3d at 1304.[2]  In this case, the subject matter is clear from the face of the abridged opinions.  Clio's opinion counsel provided his opinions relating to the validity and infringement of various patents, including patents owned by Plaintiff and others, and specifically including the patents-in-suit in this case.  Accordingly, the scope of the waiver extends to all communications and related documents on the subjects of validity and infringement of the patents discussed in the abridged opinions.

When a party waives privilege over a patent opinion, that waiver extends to all communications concerning whether that patent is valid, enforceable, and infringed by the accused products.  This includes all communications, whether created before or after the date of the opinion.  *V. Mane Fils*, 249 F.R.D. at 155; *see also McCormick-Morgan, Inc. v. Teledyne Indus., Inc*., 765 F. Supp. 611, 613 (N.D. Cal. 1991) (finding it inappropriate "to limit the waiver on a temporal basis"); *FPS Invs., LLC v. Azteca Milling L.P.*, No. 4:07-CV-1303 (JCH), 2008 U.S. Dist. LEXIS 46196, at *2 (E.D. Mo. June 10,

---

[2] Many other courts have come to the same conclusion when the source of the "subject matter" disclosed was a patent opinion.  *See, e.g., Tyco Healthcare Grp. LP v. E-Z-EM, Inc*., No. 2:07-CV-262 (TJW), 2010 U.S. Dist. LEXIS 51512, at *10 (E.D. Tex., May 24, 2010) ("After Seagate, it is clear that the waiver of attorney client privilege extends to all subjects that are discussed in the opinion letter: prosecution history, claim construction, non-infringement literally or under the doctrine of equivalence, inequitable conduct, anticipation, and obviousness"); *SPX Corp. v. Bartec USA, LLC*, 247 F.R.D. 516, 525-26 (E.D. Mich. 2008) ("communications by counsel to the infringer concerning the infringement, validity, or enforceability of a patent fall squarely within the scope of the privilege waiver"); *Celerity, Inc. v. Ultra Clean Holding, Inc*., 476 F. Supp. 2d 1159, 1166 (N.D. Cal. 2007) (finding that privilege is waived "for any document or opinion that embodies or discusses a communication to or from it concerning whether that patent is valid, enforceable, and infringed by the accused"); *KimberlyClark Corp. v. Tyco Healthcare Retail Grp*., No. 05-C-985, 2007 U.S. Dist. LEXIS 5974, at *5 (E.D. Wis. Jan. 26, 2007) ("The subject matter of the communications is whether Tyco's products infringe on K-C's patents. Tyco's waiver of the attorney-client privilege extends to all communications regarding this subject matter, including whether K-C's patents are valid and enforceable").

2008) ("waiver is only limited by subject matter, not by the time of a document's creation").  Accordingly, Defendants' required production extends to all documents and other information falling within the scope of the subject matter, regardless of the date of creation.

### C. Timing of Production

Defendants have already disclosed the opinions to their customers and to Plaintiff's counsel.  Both of these actions constituted a knowing and intentional waiver of the attorney-client privilege by Defendants.

The situation at hand is much different from one in which a defendant decides during litigation to waive the privilege in order to defend against charges of willful infringement.  In a typical infringement situation, defendants often struggle to decide whether and when to waive the privilege protecting opinion letters regarding infringement, validity and enforceability.  If a defendant waives the privilege, the attendant scope of the waiver is broad.  If the case never reaches the willfulness stage, that broad disclosure might end up being unnecessary.  Recognizing the importance of the attorney-client privilege and the breadth that such a waiver would encompass, the Local Patent Rules permit defendants to delay the decision of whether to waive the attorney-client privilege over patent opinions until after a finding of liability.  However, this procedure and the policy reasons behind it are inapplicable to the current situation.

8

Defendants waived the privilege before this lawsuit was filed for the purposes of advancing their business interests, not defending against a claim of willful infringement. Whether Defendants may also choose to rely on these opinions at some point in the future in defense of willful infringement is irrelevant.

Moreover, the probative value of the opinions and related documents extends well beyond the question of Defendants' willful infringement. The relevance standard set forth in Fed. R. Civ. P. 26 is very broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. Ohio 1998) ("The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad"). There is no question that the requested information is relevant under this liberal standard. There is also no guarantee that Defendants will rely on advice of counsel in defense of willful infringement, and if they do not, Defendants would be able to shield this probative information indefinitely. Consequently, Defendants must produce the opinions and related documents forthwith.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Combined Motion to Compel Privileged Documents and Related Documents and Communications (Doc. 53) is hereby **GRANTED**.

**IT IS SO ORDERED.**

Date:  7/17/13                                         *s/ Timothy S. Black*
                                                      Timothy S. Black
                                                      United States District Judge

9