UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE PROCTER & GAMBLE COMPANY, | : : : : : : : : : : | Case No. 1:12-cv-552<br><br>Judge Timothy S. Black |
| Plaintiff, | | |
| vs. | | |
| TEAM TECHNOLOGIES, INC., *et al.*, | | |
| Defendants. | | |

**ORDER DENYING DEFENDANTS' MOTION TO STAY PENDING *INTER PARTES* REVIEW (Doc. 59)**

This civil action is before the Court on Defendants' Motion to Stay Pending *Inter Partes* Review (Doc. 59) and the parties' responsive memoranda. (Docs. 61 and 63).

**I. BACKGROUND**

Plaintiff alleges that Defendants are infringing three patents: U.S. Patent No. 5,891,453 ("the '453 Patent"), U.S. Patent No. 5,894,017 ("the '017 Patent"), and U.S. Patent No. 7,122,199 ("the '199 Patent"). This civil action was originally brought only against Defendant Team Technologies, Inc. ("Team Tech"). (Doc. 1). Defendant Clio USA, Inc. ("Clio") was added to the suit in September 2012 and Defendant Brushpoint Innovations, Inc. ("Brushpoint") was added in February 2013. (Doc. 10; Doc 42).

The *inter partes* review ("IPR") procedure became available on September 16, 2012 in order to provide a faster, more cost-effective alternative to challenge a patent's validity than the pre-existing *inter partes* reexamination ("IPX") procedure. (Doc. 59 at

2; Doc. 63 at 2). Petitions are usually granted or denied within 5 months, and in contrast to the lengthier IPX and *ex parte* review procedures, the IPR process is guaranteed by statute to be completed within 12 months of the petition being granted. 35 U.S.C. § 316(a)(11); (Doc. 59 at 3).

On July 12, 2013, Clio filed a Petition for *Inter Partes* Review of the '017 Patent. (Doc. 59-1 at 3-68). On July 15, 2013, Clio filed a Petition for *Inter Partes* Review of the '453 Patent and a Petition for *Inter Partes* Review of the '199 Patent. (*Id.* at 69-193). Defendants now move for a stay of this civil action pending the outcome of the IPR process.

## II.  STANDARD OF REVIEW

A decision to stay litigation lies within the sound discretion of the Court and represents an exercise its "inherent [power] to control the disposition of the cases on its docket." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). It is well settled that this authority extends to patent cases in which a review by the PTO has been requested. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination").

In exercising this power, however, the Sixth Circuit has cautioned "that a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Environmental*

*Council v. United States District Court*, 565 F.2d 393, 396 (6th Cir. 1977). Similarly, when a stay is sought because of co-pending PTO reexamination proceedings, district courts are not required to stay judicial resolution pending reexamination. *See, e.g., Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001).

In the context of pending PTO reexamination proceedings, "a stay is justified when the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue." *Lincoln Elec. Co. v. Miller Elec. Mfg. Co.*, No. 1:06CV02981, 2007 WL 2670039, at *1 (N.D. Ohio Sept. 7, 2007) (internal quotation omitted).

### III. ANALYSIS

In determining whether to stay a patent action pending PTO reexamination proceedings, courts generally weigh three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Tdata Inc. v. Aircraft Technical Publishers*, No. 2:03-cv-264, 2:04-cv-1072 (S.D. Ohio January 4, 2008); citing *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y.1999); *see also Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, No. SACV 12-21-JST (JPRx), 2012 U.S. Dist. LEXIS 186322, at *3-4 & n.1 (C.D. Cal. Dec. 19, 2012). Courts are not restricted to

considering just these three factors, however; the decision should be based upon the totality of the circumstances. *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, __ F.Supp.2d __, No. SACV 12-00329 AG, 2013 WL 1876459 at *6 (C.D. Cal. May 2, 2013).

### A. Prejudice to Plaintiff

"Courts routinely deny requests for stay during the pendency of PTO proceedings where the parties are direct competitors." *Everlight Elecs. Co., Ltd. v. Nichia Corp.*, No. 4:12-cv-11758-GAD-MKM, ECF No. 79 at 13 (E.D. Mich. April 30, 2013). Staying this case would cause undue prejudice to Plaintiff because the harm suffered may not be fully compensable by money damages. *Universal Elecs.*, 2013 WL 1876459 at *5 ("Courts have found that infringement among competitors can cause harm in the marketplace that is not compensable by readily calculable money damages") (internal quotation omitted). Although money damages could compensate Plaintiff for lost sales, "the prospect of lost market share and price erosion inject an added measure of uncertainty into this action." *Davol, Inc. v. Atrium Med. Corp.*, No. 1:12-cv- 00958-GMS, ECF No. 27 (D. Del. June 17, 2013).

Defendants' tooth whiteners compete head-to-head with Plaintiff's Whitestrips products. Plaintiff brought this lawsuit to stop the competitive harm it alleges it suffers from Defendants' infringement, which is exacerbated by the fact that Defendants' products are sold alongside the patented products at significantly lower prices. This harm

will be further exacerbated if this action is put on hold pending the outcome of Clio's validity challenges. If Plaintiff's allegations are true, the damages it is suffering increase with each passing day and include harms that are difficult to quantify and may never be fully recovered by an award of money damages, and "[t]he fact that Plaintiff did not seek a preliminary injunction does not mean that it would not suffer prejudicial harm from its competitor's market activity during a lengthy delay in a case." *Universal Elecs.*, 2013 WL 1876459 at *6.

Finally, because Plaintiff's patents expire in 2017, a stay would erode the limited period for which Plaintiff may claim permanent injunctive relief if liability is established. (Doc. 61 at 18); *see Trustees of Boston University v. Everlight Elecs. Co.*, Ltd., No. 12-11935-FDS, (D. Mass. July 11, 2013) (finding that the patent-in-suit was set to expire within a limited timeframe and thus "any delay could seriously prejudice the patent holder").

Consequently, this factor weighs against the granting of a stay.

### B. Potential for Simplification of the Issues

A stay in this case is unlikely to lead to a simplification of the issues for trial as Clio's request for IPR is statutorily barred and likely to be denied by the Patent Trial and Appeal Board of the United States Patent and Trademark Office ("PTAB").

> An *inter partes* review may not be instituted if, before the date on which the petition for such a review is filed, the petitioner or real party in interest filed a civil action challenging the validity of a claim of the patent.

5

35 U.S.C. §315(a)(1). The language of the statute is clear and it contains no exceptions or qualifications. The operative event is the filing of the civil action, not its ultimate disposition. According to the Congressional Record, "Sections 315 and 325 bar a party from seeking or maintaining such a review if he has sought a declaratory judgment that the patent is invalid." 157 CONG. REC. S1375.

Ten months prior to filing for IPR, Clio filed a declaratory judgment action in New Jersey seeking a declaration of invalidity of the same patents. (Doc. 61 at 9). Because Clio previously challenged the validity of the patents-in-suit in federal court, Clio and the other real parties in interest are now barred from seeking IPR. Given that the PTAB will likely reject Clio's petitions as barred by the statute, granting a stay that would halt the parties discovery efforts and claim construction briefing would be wasteful.

Even if Clio's requests were eventually granted, Defendants' motion to stay is premature. Defendants filed their requests for IPR a month ago, from which point Plaintiff has three months to file a response to assist the PTAB in determining whether IPR should be granted. 35 U.S.C. § 313; 37 C.F.R. § 42.107(b). Once Plaintiff files its responses, the PTAB has three months from that point to determine whether IPR will proceed. 35 U.S.C. § 314(b). Thus, the PTAB will likely rule on the threshold question of whether to grant Clio's request for IPR around mid-January, 2014. As another district court recently explained:

> In view of this administrative framework, it seems clear that a stay of a

> patent infringement action is not warranted when based on nothing more than the fact that a petition for *inter partes* review was filed in the USPTO. All in all, a petition can be pending before the USPTO for up to six months before the agency decides to "initiate" an *inter partes* review. This six months is a kind of limbo that requires the court and the parties to wait while the USPTO makes its decision. If it chooses not to proceed, then this action will have been left languishing on the Court's docket with no discovery, no positioning of the parties on claim construction, and no dispositive motions. Put simply, the parties will be no closer to trial in a type of case that requires "early substantive disclosure" in order to efficiently manage discovery and pretrial motion practice.

*Automatic Mfg. Sys., Inc. v. Primera Tech., Inc.*, No. 6:12-cv-1727-Orl-37DAB, ECF No. 36 at 4-5 (M.D. Fla. May 13, 2013). A number of other district courts have reached the same conclusion.[1]

As a result, this factor also weighs against the granting of a stay.

## C. Progress Already Made Toward Trial

Courts have also denied a request for a stay when, as in this case, the litigation has progressed significantly toward trial, particularly when claim construction efforts are well underway. In *Universal Electronics*, the movant argued for a stay because "fact discovery commenced only [a couple of months earlier], no electronic discovery ha[d] occurred, and no depositions ha[d] been noticed, so the parties ha[d] not substantially

---

[1] *See, e.g.*, *Warsaw Orthopedic, Inc. v. Nuvasive, Inc.*, No. 12-cv-2738-CAB (MDD), ECF No. 69 (S.D. Cal. May 30, 2013) (denying stay when PTAB had not yet decided whether to grant IPR); *National Oilwell Varco, L.P. v. Pason Systems USA Corp.*, No. 1:12-cv-01113- SS, ECF NO. 30 (W.D. Tex. June 20, 2013) (same); *William R. Kowalski v. Anova Food, LLC*, No. 1:11-cv-00795-HG-RLP, ECF No. 178 (D. Haw. June 14, 2013) (same); *One StockDuq Holdings, LLC v. Becton, Dickinson and Company*, No. 2:12-cv-03037-JPM-tmp, ECF No. 53 (W.D. Tenn. May 6, 2013) (same); *Frontline Techs., Inc. v. CRS, Inc.*, No. 07-2457, ECF No. 111 (E.D. Pa. October 26, 2012) (same); *Progressive Casualty Ins. Co. v. Safeco Ins. Co.*, No. 1:10CV01370, ECF No. 85 (N.D. Ohio Dec. 18, 2012) (same); *Derma Sciences, Inc. v. Manukamed Ltd.*, No. 3:12-cv-03388-JAP-LHG, ECF No. 48 (D.N.J. July 18, 2013) (same).

invested time and money in discovery," but the Court disagreed and found that enough resources had already been expended to militate against a stay. 2013 WL 1876459 at *3; *see also National Oilwell Varco, L.P. v. Omron Oilfield & Marine*, Inc., No. A-12-CA-773- SS, ECF No. 42 at 2 (W.D. Tex. June 10, 2013) (denying stay where the *Markman* briefing was in progress and it would be at least five months before the PTAB would rule on the request for IPR).

Here, discovery and the claim construction process are in process. Defendants have completed their production of documents, and Plaintiff has taken the 30(b)(6) deposition of each Defendant. (Doc. 61 at 14). Plaintiff has produced nearly 100,000 pages of documents and is moving toward completion of its own document production. (*Id.*) Defendants are in the process of completing the depositions of the named inventors. (*Id.*) Moreover, the parties have invested significant resources in resolving claim construction issues, including exchanging disputed claim terms, identifying evidence in support of their constructions, and conferring to try to resolve the disputes. (*Id.*) Defendants have retained a proposed expert who has provided a 48-page report opining on various claim construction issues. (*Id.*) Opening claim construction briefs are due in six weeks, and by the time the PTAB decides whether to move forward with IPR, the claim construction issues will be fully briefed and argued and the Court will likely have issued a ruling on the disputed terms. Fact discovery will be at a close, expert discovery will have commenced, and the trial will only be seven months away.

This Court has already expended a significant amount of judicial resources to move this case along to trial, and will devote substantially more before the PTAB decides whether to grant IPR.  A stay would derail the parties' efforts to prepare this case for trial and waste much of the effort that has already been expended by the parties and the Court, and thus this final factor also weighs against the granting of a stay in this case.

### IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay Pending *Inter Partes* Review (Doc. 59) is hereby **DENIED**.

**IT IS SO ORDERED.**

Date:  9/10/13                                                                                                *s/ Timothy S. Black*
                                                                                                                     Timothy S. Black
                                                                                                                     United States District Judge