UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THE PROCTER & GAMBLE COMPANY, : Case No. 1:12-cv-552
:
    Plaintiff, : Judge Timothy S. Black
:
vs. :
:
TEAM TECHNOLOGIES, INC., *et al.*, :
:
    Defendants. :

**ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF THE ORDER ON CLAIM CONSTRUCTION (Doc. 73)**

On November 22, 2013, upon consideration of the parties' briefs submitted in support of their proposed claim constructions, and after oral argument, this Court entered its Order on Claim Construction. (Doc. 71).

This civil action is now before the Court on Defendants' Motion for Partial Reconsideration of the Order on Claim Construction and Plaintiff's responsive memorandum. (Docs. 73 and 75). Defendants did not file a reply in support of their motion.

### I. STANDARD OF REVIEW

District courts have authority under both common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir. 2004). Nevertheless, "motions for reconsideration are disfavored." *Davie v. Mitchell*, 291 F.Supp.2d 573 (N.D. Ohio 2003). Thus, "courts will [only] find jurisdiction for reconsidering

interlocutory orders where there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson County Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). Here, Defendants seek reconsideration "to correct clear error and prevent manifest injustice."

## II. ANALYSIS

### A. "Permanent deformation"

Defendants seek reconsideration of the claim construction Order as it relates to the term "permanent deformation."

Defendants claim that the Court committed a clear error of law when it determined that "the [permanent deformation] claim language merely requires that the strip not permanently deform *to the shape of the teeth*, not that it not permanently deform at all." (Doc. 71 at 7; Doc. 73 at 2-3). Defendants argue that this is an "improper importation of language into claims." (Doc. 73 at 3). In their motion, Defendants summarize the evidence and analysis that Defendants believe was "clearly erroneous" for the Court to rely on in construing this term. (*Id.* at 3-5). Plaintiff correctly points out, however, that Defendants rely exclusively on arguments they have either already made or that they could have made prior to the Court's Order.

Nevertheless, to be clear, this Court found that Plaintiff showed that the intrinsic record establishes that the deformation limitation applies only to "a shape of a tooth."

2

(Doc. 71 at 7). The Court acknowledged Defendants' contention that "conform" and "deform" must mean different things in the context of the patents-in-suit, but rejected that argument as "ignor[ing] the claim language and import[ing] extraneous limitations to require that the strip undergo no irreversible alterations." (*Id.*) Although Defendants argue that the words "shape of a tooth" appear only in claim 1 of the '017 patent, in reality, three of the other claims state that the strip of material is "conformable to tooth surfaces." Plaintiff evidenced that throughout the intrinsic record, the permanent deformation limitation was directed to permanent deformation in the shape of a tooth, not just any permanent deformation. (Doc. 66 at 26-30; Doc. 68 at 6-9).

Upon careful review, the Court finds no evidence of clear error or manifest injustice with regard to its construction of the claim term "permanent deformation."

**B.** **"folding a second portion of the strip of material and tooth bleaching composition about the incisal edges of the plurality of adjacent teeth"**

Defendants next seek reconsideration of the Court's construction of the claim term "folding a second portion of the strip of material and tooth bleaching composition about the incisal edges of the plurality of adjacent teeth."

Defendants claim that the Court committed a clear error of law when it determined that "[i]f the claim language Defendants are directly incorporating into their construction is unambiguous and does not require further explanation in and of itself, then Plaintiff is correct and construction is unnecessary." (Doc. 71 at 17-18; Doc. 73 at 6). Defendants argue that it is not necessary for claim construction to "replace the terms in dispute with

3

new terms" and that it "can be used to further elucidate the meaning of disputed terms through explanation, rather than by replacing words." (Doc. 73 at 6). In their motion, Defendants summarize the evidence and analysis Defendants feel was "clearly erroneous" for the Court to rely on in construing this term. (*Id.* at 6-9).

Again, Plaintiff correctly points out that Defendants rely exclusively on arguments they have either already made or that they could have made prior to the Court's Order. The only new argument that Defendants raise with regard to this claim term is the contention that Plaintiff and the Court misunderstood their proposed construction of this term. (*Id*. at 6). Defendants claim that Plaintiff and the Court incorrectly interpreted the ellipsis in Defendants' proposed construction to refer to all of the omitted words in the claim term. (*Id.* at 6-7). Defendants claim they intended their proposed phrase "in order not to cover the tips of the canine teeth" to *replace* the words "about the incisal edges of the plurality of adjacent teeth" in the claim term, rather than merely being added on after it. (*Id.* at 7). However, Defendants waived this argument by not raising it at the appropriate time, and, further, Defendants have not presented any justification for their failure to do so. Plaintiff made its understanding of Defendants' proposal crystal clear in its briefs and at the *Markman* hearing, and Defendants did not correct it nor mention this alleged intended construction at any point. (Doc. 66 at 41-46; Doc. 67 at 15-17; Doc. 68 at 19-20; Doc. 69 at 14-17; Doc. 72 at 104-20).

Moreover, this Court found that Plaintiff showed that this claim term is clear on its face and needs no construction. (Doc. 71 at 17-18). The Court considered whether the claimed invention should be limited to those embodiments that do not cover the tips of the canine teeth and found "there is no patent language to this effect" and that "[d]iscussions of specific embodiments that do not fold over the canines do not amount to a mandate that in no embodiment must the strip ever do so." (*Id.* at 18). Further, in resolving the parties' dispute as to whether "incisal edges" incorporates the tips of the canine teeth, the Court found that Plaintiff demonstrated that "incisal edges are indeed found on canine teeth according to the Oxford English Dictionary." (*Id.*) Defendants do not attempt to show that this finding was clearly erroneous.

Upon careful review, the Court finds no evidence of clear error or manifest injustice with regard to its construction of the claim term "folding a second portion of the strip of material and tooth bleaching composition about the incisal edges of the plurality of adjacent teeth."

### III. CONCLUSION

Accordingly, for the reasons stated here, Defendants' motion for reconsideration (Doc. 73) is hereby **DENIED.**

**IT IS SO ORDERED.**

Date: 2/10/14  */s/ Timothy S. Black*
Timothy S. Black
United States District Judge