# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY, | Case No. 1:12-cv-552 |
| Plaintiff, | Judge Timothy S. Black |
| vs. | |
| TEAM TECHNOLOGIES, INC., *et al.*, | |
| Defendants. | |

**ORDER DENYING DEFENDANTS' SECOND MOTION TO STAY
PENDING *INTER PARTES* REVIEW (Doc. 76)**

This civil action is before the Court on Defendants' Second Motion to Stay Pending *Inter Partes* Review (Doc. 76) and the parties' responsive memoranda. (Docs. 77 and 78).

## I. BACKGROUND

Plaintiff alleges that Defendants are infringing three patents: U.S. Patent No. 5,891,453 ("the '453 Patent"), U.S. Patent No. 5,894,017 ("the '017 Patent"), and U.S. Patent No. 7,122,199 ("the '199 Patent"). On July 12, 2013, Defendant Clio USA, Inc. ("Clio") filed a Petition for *Inter Partes* Review of the '017 Patent. On July 15, 2013, Clio filed a Petition for *Inter Partes* Review of the '453 Patent and a Petition for *Inter Partes* Review of the '199 Patent. On July 24, 2013, Defendants moved to stay this litigation pending the *Inter Partes* Review ("IPR") before the United States Patent and Trademark Office ("PTO") as requested by Defendant Clio USA, Inc. (Doc. 59).

Following full briefing by the parties, this Court denied the motion to stay. (Doc. 64).

Among the reasons for denial was that "[a] stay in this case is unlikely to lead to a simplification of the issues for trial as Clio's request for IPR is statutorily barred and likely to be denied by the Patent Trial and Appeal Board of the United States Patent and Trademark Office." (*Id.*)  However, on January 9, 2014, the PTO indeed issued decisions instituting the requested IPRs for all three patents in suit. (Docs. 76-1, 76-2, 76-3, 76-4, 76-5, and 76-6).  The claims asserted in this case that are now under review by the PTO are independent claims 1, 19, and 21 of the '453 Patent and independent claim 17 and dependent claims 23, 24, 25, 26, 28, 29, and 30 of the '199 Patent. (Doc. 76 at 3).  With respect to the '017 Patent, the IPR was instituted with respect to claim 20 only, which is not asserted in this case. (*Id.*)

In the IPR proceedings at issue here, the PTO has issued a scheduling order whereby all briefing will be complete by July 16, 2014.  Because the PTO initiated the IPRs on January 9, 2014, the deadline to complete them is January 9, 2015, although the deadline can be extended by another six months.  35 U.S.C. § 316(a)(11).  In light of the PTO's granting of the IPR petitions, Defendants now move for the second time to stay this action pending IPR.

## II.    STANDARD OF REVIEW

A decision to stay litigation lies within the sound discretion of the Court and represents an exercise its "inherent [power] to control the disposition of the cases on its

2

docket." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). It is well settled that this authority extends to patent cases in which a review by the PTO has been requested. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination").

In exercising this power, however, the Sixth Circuit has cautioned "that a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Environmental Council v. United States District Court*, 565 F.2d 393, 396 (6th Cir. 1977). Similarly, when a stay is sought because of co-pending PTO reexamination proceedings, district courts are not required to stay judicial resolution pending reexamination. *See, e.g., Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001).

In the context of pending PTO reexamination proceedings, "a stay is justified when the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue." *Lincoln Elec. Co. v. Miller Elec. Mfg. Co.*, No. 1:06CV02981, 2007 WL 2670039, at *1 (N.D. Ohio Sept. 7, 2007) (internal quotation omitted).

## III. ANALYSIS

In determining whether to stay a patent action pending PTO reexamination proceedings, courts generally weigh three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Tdata Inc. v. Aircraft Technical Publishers*, No. 2:03-cv-264, 2:04-cv-1072 (S.D. Ohio January 4, 2008) (citing *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999)); *see also Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, No. SACV 12-21-JST (JPRx), 2012 U.S. Dist. LEXIS 186322, at *3-4 & n.1 (C.D. Cal. Dec. 19, 2012). However, courts are not restricted to considering just these three factors; rather, the decision should be based upon the totality of the circumstances. *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1031 (C.D. Cal. 2013).

### A. Prejudice to Plaintiff

In denying Defendants' first motion, this Court found that "[s]taying this case would cause undue prejudice to Plaintiff because the harm suffered may not be fully compensable by money damages." (Doc. 64 at 4). The Court noted that Defendants' accused products compete head-to-head with Plaintiff's patented products and the harm to Plaintiff "is exacerbated by the fact that Defendants' products are sold alongside the patented products at significantly lower prices." (*Id.*); *Everlight Elecs. Co. v. Nichia*

*Corp.*, No. 12-cv-11758, 2013 U.S. Dist. LEXIS 61666, at *21 (E.D. Mich. Apr. 30, 2013) ("Courts routinely deny requests for stay during the pendency of PTO proceedings where the parties are direct competitors"). The Court concluded that "[t]his harm will be further exacerbated if this action is put on hold pending the outcome of Clio's validity challenges." (Doc. 64 at 4-5). The Court noted that assuming Plaintiff's allegations are true, "the damages it is suffering increase with each passing day and include harms that are difficult to quantify and may never be fully recovered by an award of money damages[.]" (*Id.* at 5); *see also Universal Elecs.*, 943 F. Supp. 2d at 1033 ("Courts have found that 'infringement among competitors can cause harm in the marketplace that is not compensable by readily calculable money damages'"). Finally, the Court noted that because the patents expire in 2017, a stay would erode the limited period for which Plaintiff can claim permanent injunctive relief if liability is established. (Doc. 64 at 5); *Trs. of Boston Univ. v. Everlight Elecs. Co.*, No. 12-11935-FDS, 2013 U.S. Dist. LEXIS 96916, at *5 (D. Mass. July 11, 2013) (finding that the patent-in-suit was "set to expire in November 2014, and re-examination takes on average 18-24 months to complete, which suggests that any delay could seriously prejudice the patent holder").

Nothing has changed that would impact these conclusions, and Defendants have not offered any evidence or argument to the contrary. If Plaintiff's allegations are true, it continues to be harmed by Defendants' infringement of its patents, and a stay would exacerbate this harm. Consequently, the Court finds that this factor continues to weigh

5

against granting a stay.

**B.     Progress Already Made Toward Trial**

In denying Defendants' first motion five months ago, this Court found that it had "already expended a significant amount of judicial resources to move this case along to trial" and that "[a] stay would derail the parties' efforts to prepare this case for trial and waste much of the effort that has already been expended by the parties and the Court[.]" (Doc. 64 at 9).  At that time, the case was in the midst of fact discovery, claim construction had started, and little progress on expert disclosures had been made.  (Doc. 77 at 8).  Now, fact discovery is closed and the Court has issued its claim construction ruling.  (Doc. 71).  The parties have exchanged expert reports.  (Doc. 77 at 8).  The Court concluded in September of 2013 that a stay would be wasteful, and the proposition has become more wasteful with every day that has passed since then.

Courts regularly deny stay requests when, as here, the litigation has progressed significantly toward trial.  *See, e.g., Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.*, No. A-12-CA-773-SS, 2013 U.S. Dist. LEXIS 167387 (W.D. Tex. June 7, 2013) (denying stay when the *Markman* briefing was in progress and it would be at least five months before the PTO would be ruling on the request for IPR); *Xerox*, 69 F. Supp. 2d at 407 (denying stay when "[s]ubstantial time and expense ha[d] been invested in th[e] litigation by the parties and the Court"); *Universal Elecs.*, 943 F. Supp. 2d at 1030-32 (denying stay where "Defendant did not file its *inter partes* review petitions until almost

a year after being served with the complaint, and during that time the Court spent substantial effort construing the claims").

Given that since Defendants first moved to stay this case pending IPR, the parties have completed fact discovery and the claim construction process and moved into expert discovery, and that the Court has held multiple conferences and issued numerous orders, including its Order on Claim Construction, this factor can only weigh more heavily against Defendants' motion at this point than it did at the time of Defendants' first motion to stay. Consequently, the Court finds that this factor continues to weigh against granting a stay.

C.      **Potential for Simplification of the Issues**

In denying Defendants' first motion, the Court found this factor weighed against granting a stay because it seemed unlikely that the PTO would institute the IPRs in light of the governing statute. (Doc. 64 at 5-6). Given that the IPRs have since been initiated, however, this factor warrants reexamination in the context of the present circumstances.

With respect to the '453 IPR, the PTO has elected to reexamine the three independent claims that are asserted against Defendants. By statute, the institution of the IPR against these claims indicates that "there is a reasonable likelihood that the petitioner would prevail with respect to… the claims challenged in the petition." 35 U.S.C. §314(a). Accordingly, there is a reasonable likelihood that the claims asserted against Defendants would be held invalid by the PTO. This same reasoning holds true with

respect to the '199 Patent, as to which the PTO has elected to reexamine all asserted claims, save one dependent claim.

The rapid schedule of the IPR proceedings presents the possibility of conflicting rulings. Once the PTO issues a written decision on the merits of the IPR proceedings, two important statutory mechanisms will be engaged. First, in the event that at least one of the claims is invalidated, all litigation issues relating to that claim will be moot. Second, regardless of the particular ruling in the IPR, once a written decision is rendered as to the claims in the IPR, all arguments based on that claim are barred in this litigation: "The petitioner in an *inter partes* review… may not assert either in a civil action [or ITC proceeding]… that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during *that inter partes* review." 35 U.S.C. 315(e)(2). Thus, even if none of the claims in the IPR proceedings are invalidated, all invalidity arguments relating to those claims during the IPR are barred. This, too, would cut down on the issues for proof at trial and at the summary judgment stage. Accordingly, Defendants are correct in asserting that now that the IPRs have been instituted, a stay in this action would result in some measure of simplification of the issues in this case. *See, e.g., Target Therapeutics, Inc. v. SciMed Life Sys., Inc*., 33 U.S.P.Q.2d 2022, 2023 (N.D. Cal. 1995).

However, in addition to the 11 claims that Plaintiff has asserted in this case that are also at issue in the IPRs, the remaining 16 asserted claims are not at issue in any IPR.

8

(Doc. 77 at 10). Thus, even if the PTO were to cancel every claim at issue in the IPRs, Plaintiff's suit to stop Defendants from allegedly infringing these additional 16 claims would be unaffected. Courts have found that this factor weighs less heavily in support of a stay where the IPR will have no effect on a significant portion of the case. *See Dane Techs., Inc. v. Gatekeeper Sys., Inc.*, No. 12-2730 ADM/AJB, 2013 U.S. Dist. LEXIS 117718, at *8-9 (D. Minn. Aug. 20, 2013) (denying a stay motion where the defendant sought IPRs for only two of the three patents-in-suit: "Even if the PTO decided to review the '836 Patent and the '979 Patent, [the patentee] would still be left with its infringement claim for the '976 Patent languishing and unresolved"); *RR Donnelley & Sons Co. v. Xerox Corp.*, No. 12-cv-6198, 2013 U.S. Dist. LEXIS 176620, at *10 (N.D. Ill. Dec. 16, 2013) (denying stay when, *inter alia*, "[t]he scope of the issues to be resolved during the *inter partes* review proceeding are substantially narrower than the scope of the issues that can be resolved during litigation").

Additionally, Defendants have asserted many defenses that the PTO will not review, including invalidity under 35 U.S.C. § 112, estoppel, laches, and *res judicata*. (Doc. 30 at ¶¶ 57-59, 66-68). Because the PTO will not address these defenses, their presence demonstrates further that significant issues remain for this Court to address regardless of the outcome of the IPRs. *See Everlight Elecs.*, 2013 U.S. Dist. LEXIS 61666, at *24-26 ("'to truly simplify the issues … the outcome of the reexamination must finally resolve all issues in the litigation'… [A] stay will not simplify the issues related to

the '215 patent because Defendants have asserted defenses such as *laches*, waiver, estoppel, and standing which will not be reviewed by the PTO").

Consequently, the Court finds that because the PTO has now granted Defendants' petitions for IPR, unlike at the time of Defendants' first motion, this potential "simplification" factor now provides some counterweight in favor of granting a stay. However, given that a significant portion of the issues in this case will be unaffected by the IPRs and, more importantly, that the remaining two relevant factors continue to militate in the other direction, the totality of the circumstances still fails to warrant the granting of a stay in this case.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Second Motion to Stay Pending *Inter Partes* Review (Doc. 76) is hereby **DENIED**.[1]

**IT IS SO ORDERED.**

Date: 2/11/14 */s/ Timothy S. Black*
Timothy S. Black
United States District Judge

---

[1] Plaintiff's Motion for Leave to File Sur-Reply in Support of its Opposition to Defendants' Second Motion to Stay Pending *Inter Partes* Review (Doc. 80) is hereby denied as moot.